UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DOMINIQUE D. STEELE,

    Plaintiff,

v().                                            CAUSE NO. 1:25-CV-021 DRL-SJF

A. HARTMAN *et al.*,

    Defendants.

OPINION AND ORDER

Dominique D. Steele, a prisoner without a lawyer, filed an amended complaint (ECF 21) because the court determined his original complaint did not state any claims. *See* ECF 1 & ECF 15. Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The allegations in Mr. Steele's amended complaint are essentially identical to those described in is original complaint. On October 6, 2024, Mr. Steele was smoking a cigarette

on his child's mother's porch when he was approached by several officers from the Fort Wayne Police Department. He claims Officer Adam Hartman immediately apprehended him "by force w/out even knowing my name." ECF 21-1 at 1. Mr. Steele asked him why he was being apprehended, but Officer Hartman refused to answer and continued to try to handcuff him. Mr. Steele "finally" complied because he was "in fear of [his] life." *Id*. He attempted to "invoke [his] constitutional rights" by asking for a commanding officer and to see the arrest warrant because he was "innocent of the allegations." *Id*. Officer Hartman refused those requests and "shov[ed]" him "forcefully toward and then inside the patrol car." *Id*. Mr. Steele's foot was "smashed" in the door during the process. *Id*. at 2. After learning he was being detained and would be going to jail, Mr. Steele's "anxiety then again took over." *Id*. This led to Mr. Steele being checked out at the hospital before being transported to the Allen County Jail. He claims the defendants are liable to him for "negligence, excessive force, deprivation, conspiracy to deprive, false confinement, [and] deliberate indifference." *Id*. Mr. Steele has sued Officer Adam Hartman, Officer Roderick Waters, Officer Zachary Cole, and "FWPD." ECF 21 at 1. He seeks monetary damages.

In the prior screening order, the court referred to the state court docket, which showed Mr. Steele was charged with domestic battery in violation of a no contact order, invasion of privacy, confinement, and strangulation. *See State of Ind. v. Steele*, cause no. 02D04-2412-F6-001832 (Allen Sup. Ct. 4 filed Dec. 11, 2024), available online at: https://public.courts.in.gov/mycase (last visited Jul. 10, 2025).[1] The probable cause

---

[1] The court is permitted to take judicial notice of public documents in screening the complaint. *See* Fed R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833

affidavit related to his arrest in that case states that officers responded to a call from Mr. Steele's former partner, the mother of his child, on October 6, 2024, and she advised them of the following information: (1) Mr. Steele had physically and sexually assaulted her fifteen minutes prior to the officers' arrival and had left on foot; (2) he was wearing a red shirt, red/black pants, and duct tape around red/black shoes; (3) he was armed with a knife, duct tape, and a cord; (4) he had attempted to strangle her with the cord, and when she tried to escape, he choked her and dragged her back into the residence where he forced her to have sex with him. *See generally* ECF 15-1.[2] After speaking with her, the officers checked police records and determined Mr. Steele had several active protective orders against him plus a prior conviction for invasion of privacy with that same woman. *Id*. The officers observed injuries on the woman and collected evidence. *Id*. Mr. Steele was later located wearing the clothing described above, but he had put on jeans. *Id*.[3]

According to Mr. Steele, because that case was dismissed, he has grounds for bringing a lawsuit based on the "deprivation of rights and liberties." ECF 21-2 at 1. However, what Mr. Steele doesn't acknowledge is that the charges were voluntarily

---

F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

[2] Because the probable cause affidavit is available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk was directed to attach a copy of that filing to the court's original screening order as Exhibit A.

[3] The docket shows the charges in that case were ultimately dismissed on February 18, 2025. *See State of Ind. v. Steele*, cause no. 02D04-2412-F6-001832 (Allen Sup. Ct. 4 filed Dec. 11, 2024), available online at: https://public.courts.in.gov/mycase (last visited Jul. 10, 2025).

3

dismissed *without prejudice* by the prosecutor, and a new case was brought on April 4, 2025, arising from those same events. *See State of Ind. v. Steele*, cause no. 02D05-2504-F3-000030 (Allen Sup. Ct. 4 filed Apr. 4, 2025), available online at: https://public.courts.in.gov/mycase (last visited Jul. 10, 2025). He was charged with the violations noted above, plus additional charges of rape and possession of drugs were added. *Id*. The probable cause affidavit associated with the new case includes the same relevant information as well as more details regarding the rape. *See* Probable Cause Aff. Ex. B.[4]

Excessive force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene[.]" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id*. (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*,

---

[4] Because the probable cause affidavit is available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of that filing to this screening order as Exhibit B.

29 F.4th 850, 854 (7th Cir. 2022) (quotations and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, quotations, and citations omitted).

Here, Mr. Steele's allegations still do not state a claim. Despite being advised of the insufficiency issues of his prior complaint, he hasn't provided a single additional detail to support a claim of excessive force. He again asserts he was approached by Officer Hartman who immediately attempted to restrain him via handcuffs. Mr. Steele's language—admitting "[f]inally I complied" (ECF 1 at 2)—suggests he initially resisted arrest. *See Fitzgerald v. Santoro*, 707 F.3d 725, 734 (7th Cir. 2013) ("We have repeatedly upheld officers' use of force in the face of suspects resisting arrest.") (collecting cases)). After he was successfully handcuffed, Mr. Steele states he was shoved forcefully toward

the patrol car and his foot was smashed in the door during the process. However, without additional details, these allegations don't rise to the level of a constitutional violation. Mr. Steele doesn't allege he was injured during the incident, nor does he suggest that the force applied when handcuffing and placing him into the vehicle was anything more than *de minimis*.[5] Based on these sparse allegations—and considering the totality of the circumstances as described in both probable cause affidavits—it cannot be plausibly inferred that the use of force was objectively unreasonable. *See e.g. Graham v. Connor*, 490 U.S. 386, 396 (1989) (applying the Fourth Amendment's objective reasonableness standard and noting that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [Constitution].") (quotations and citation omitted); *Jones v. Walker*, 358 Fed. Appx. 708, 713 (7th Cir. 2009) ("A single shove that results in bruising is de minimis force that will not support a claim of excessive force."); *see also Twombly*, 550 U.S. at 570 (A complaint must contain sufficient factual matter to "state a claim that is plausible on its face."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original).

Mr. Steele also suggests he was falsely arrested. To prevail on a false arrest or false imprisonment claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009);

---

[5] Although he claims he was evaluated at the hospital, he admits this was due to an anxiety attack rather than a physical injury suffered during the arrest.

*Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (Probable cause is a "common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.") (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)). "Probable cause requires 'only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *United States v. Schenck*, 3 F.4th 943, 946 (7th Cir. 2021), *reh'g denied* (Aug. 13, 2021), *cert. denied*, 142 S. Ct. 818 (2022) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)). It is "assessed objectively based on the conclusions that the arresting officer reasonably might have drawn from the information known to him." *Young*, 987 F.3d at 644 (quotation marks and citations omitted).

Here, Mr. Steele doesn't explain why he believes he was falsely arrested other than to assert—without more—that he was "innocent of the allegations" and that it was illegal to arrest him without a warrant. One of the crimes Mr. Steele was originally charged with

7

was domestic battery, in violation of a no contact order, which the Indiana Code defines as the knowing or intentional touching of a family or household member in a "rude, insolent, or angry manner" Ind. Code § 35-42-2-1.3(a)(1). The offense is a Level 6 felony if it is committed against a person "who has been issued a protection order." Ind. Code § 35-42-2-1.3(b)(7)(A).

Based on the facts described above—in conjunction with the probable cause affidavits in both of Mr. Steele's criminal cases—there was probable cause to arrest Mr. Steele for domestic battery at the very least. *See Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000) ("[S]o long as a reasonably credible witness or victim informs the police that someone has committed . . . a crime, the officers have probable cause to place the alleged culprit under arrest . . . .") (citation omitted); *see also Kelley v. Myler*, 149 F.3d 641, 647 (7th Cir. 1998) ("Probable cause does not depend on the witness turning out to have been right; it's what the police know, not whether they know the truth that matters."). Moreover, a seizure is "reasonable under the Fourth Amendment when it is based upon probable cause regardless of the severity of the offense involved." *Woods*, 234 F.3d at 993 (recognizing even warrantless arrests for misdemeanors, where probable cause was based on a third party's complaint involving events that did not occur in the presence of the arresting officers, can comport with Fourth Amendment reasonableness standards). Therefore, Mr. Steele's allegations of false arrest and/or false confinement do not state a plausible claim.[6]

---

[6] Mr. Steele also alleges the defendants are liable for "negligence," but he doesn't explain why. Of note, neither negligence nor even gross negligence are sufficient to state a constitutional violation.

This amended complaint does not state any claims for which relief can be granted. Mr. Steele was given an opportunity to amend his claims, but he failed to fix or even address the deficiencies in any meaningful manner.

For these reasons, the court:

(1) DIRECTS the clerk to attach the Probable Cause Affidavit as Exhibit B; and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state any claims for which relief can be granted.

SO ORDERED.

July 11, 2025                                                  *s/ Damon R. Leichty*
                                                               Judge, United States District Court

---

*See e.g., Miranda v. Cty. of Lake*, 900 F.3d 335, 352–53 (7th Cir. 2018). To the extent Mr. Steele may be trying to assert negligence as a state law tort, his allegations are too vague to state a plausible claim against any of the defendants. Even if he had stated such a claim, the court would decline to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367; *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010); *Higgason v. Barnes*, 95 F.3d 1154 (7th Cir. 1996) ("Without a valid due process claim or any other viable federal claim, the district court properly declined supplemental jurisdiction over the state tort law complaint.").